IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
VIRGINIA C. PESCE,            )
                              )
            Plaintiff,        )
                              )
      v.                      )        1:12CV486
                              )
CAROLYN W. COLVIN,            )
Acting Commissioner of Social )
Security,[1]                  )
                              )
            Defendant.        )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Defendant's Motion to Dismiss for Failure to Prosecute (Docket Entry 10). (See Docket Entry dated May 31, 2013.) For the reasons that follow, Defendant's instant Motion to Dismiss should be granted.

BACKGROUND

This case began when Plaintiff filed a Complaint (Docket Entry 1), along with an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Docket Entry 2). The undersigned Magistrate Judge granted Plaintiff pauper status, forwarded her summons forms for completion, and directed the United States Marshals Service to effect service of process on Defendant. (See

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Docket Entry 3; see also Docket Entry 4 (documenting service on Defendant).)

On July 17, 2012, Plaintiff's attorney filed a motion to withdraw as counsel (Docket Entry 6) and Defendant answered the Complaint (Docket Entry 7). On July 18, 2012, the Clerk sent notice to both parties that the case would proceed via dispositive motions, that Plaintiff must file her motion within 45 days, i.e., by September 7, 2012, and that Defendant must file a motion 60 days thereafter, i.e., by November 9, 2012. (Docket Entry 9.) On July 23, 2012, the undersigned Magistrate Judge entered a Text Order permitting Plaintiff's counsel to withdraw, as well as directing the Clerk to update the Docket to reflect Plaintiff's pro se status and to forward a copy of the updated Docket to Plaintiff. (Text Order dated July 23, 2012.) Plaintiff failed to file a dispositive motion at any time following the Clerk's July 18, 2012 notice. (See Docket Entries dated July 18, 2012, to present.)

Defendant thereafter filed her instant Motion to Dismiss and a Memorandum of Law in support. (Docket Entries 10, 11.) The Clerk then mailed Plaintiff a letter pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), explaining that she had "the right to file a 20-page response in opposition to [said] [M]otion . . . accompanied by affidavits setting out [her] version of any relevant disputed material facts or . . . other responsive material." (Docket Entry 12 at 1.) The letter advises Plaintiff

of the amount of time for a response and specifically cautions her that a "failure to respond . . . within the allowed time may cause the [C]ourt to conclude that [Defendant's] contentions are undisputed . . . [as well as that], unless [Plaintiff] files a response in opposition to [said] [M]otion, it is likely [her] case will be dismissed . . . ." (Id.) Plaintiff did not respond. (See Docket Entries dated Apr. 30, 2013, to present.)

## DISCUSSION

Defendant seeks dismissal of this case based on Plaintiff's failure to file a dispositive motion or to request an extension of time to do so. (See Docket Entries 10, 11.) Under this Court's Local Rules, Plaintiff's failure to respond to Defendant's instant Motion to Dismiss generally warrants the granting of the relief requested. See M.D.N.C. R. 7.3(k). No reason exists to depart from that general rule in this case. To the contrary, a review of the record and relevant authority confirms that the Court should dismiss this action.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b)." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Said Rule also authorizes dismissal "[i]f the plaintiff fails to prosecute," Fed. R. Civ. P. 41(b). In this case, Plaintiff disobeyed the

-3-

Court's directive to file a dispositive motion by September 7, 2012 (Docket Entry 9) and has failed to prosecute this case in any way since Defendant filed her Answer. These circumstances warrant dismissal.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Ballard, 882 F.2d at 95. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id.; accord Hillig v. Commissioner of Internal Revenue Serv., 916 F.2d 171, 174 (4th Cir. 1990). In this case, Plaintiff bears sole responsibility for the instant non-compliance and failure to prosecute, the conduct (and inaction) at issue prejudiced Defendant by unduly delaying the litigation and forcing her to file the instant Motion to Dismiss, the record reflects a pattern of dilatory conduct by Plaintiff, and no other sanction appears feasible or sufficient.

As to that last point, the Court (via the Roseboro letter) expressly cautioned Plaintiff that her failure to respond to Defendant's instant Motion to Dismiss could lead the Court to conclude that she did not dispute Defendant's position and that the

Court should dismiss her case. "In view of th[ose] warning[s], the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Ballard, 882 F.2d at 96. Consistent with that view, at least one judge of this Court previously has ruled dismissal under Federal Rule of Civil Procedure 41(b) appropriate under analogous circumstances. See Long v. Becton, Dickinson & Co., No. 1:04CV1111, 2006 WL 473881, at *1-3 (M.D.N.C. Feb. 28, 2006) (unpublished) (Beaty, J.) (holding that, where plaintiff failed to participate or appear in case since the initial pretrial conference, including by failing to respond to a motion to dismiss, "dismissal is also appropriate pursuant to Rule 41").

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Prosecute (Docket Entry 10) be granted and that this action be dismissed under Federal Rule of Civil Procedure 41(b).

                              /s/ L. Patrick Auld
                           **L. Patrick Auld**
                    **United States Magistrate Judge**

June 3, 2013